UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTONIO JOHNSON, et al.,

        Plaintiffs,

v.                              Case No. 3:05-cv-1226-J-20HTS

STEVEN F. SINGER, etc.,

        Defendant.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

On December 1, 2005, Plaintiffs Antonio Johnson, Tindall J. Williams, Mark Givens and George Holmes, inmates incarcerated at Columbia Correctional Institution in Lake City, Florida, who are proceeding *pro se*, initiated this action by filing an Emergency Petition (Doc. #1) (hereinafter Complaint). Plaintiffs name the Warden of Columbia Correctional Institution as the only Defendant. They claim that the drinking water at the institution is contaminated and request to be examined by an outside specialist to ensure that they have not experienced health risks.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997(e), to read as follows:

    (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United

> States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e). Thus, a district court must dismiss the suit when it finds that the plaintiff inmate has not exhausted his administrative remedies. Chandler v. Crosby, 379 F.3d 1278, 1286 (11th Cir. 2004) (citation omitted).

Further, federal courts have indicated that the penal facility, during the administrative exhaustion process, "may give a statement of its reasons that is helpful to the district court in considering the merits of the claim." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998) (citations omitted); Chandler, 379 F.3d at 1287 (pointing out that the purpose of administrative exhaustion is to place the facility on notice of the disputed issue and to allow the administrators an opportunity to investigate the issue, to resolve the dispute internally and thus "limit judicial intervention in the management of prisons") (citations omitted).

Thus, because exhaustion is a pre-condition to suit and because the administrative grievance procedures are so important for effectively determining how the penal facility has addressed the issues presented to it, it is extremely necessary and useful for Plaintiffs to comply with the procedures as set forth in the instructions to the civil rights complaint form.

Plaintiffs filed this Complaint prior to completing the exhaustion process. Plaintiffs should note that they are required to fully exhaust the administrative remedies **before** initiating a civil rights case in this Court.

For this reason, this case will be dismissed without prejudice to Plaintiffs' right to refile after they have completed the exhaustion process with respect to the issue. Each Plaintiff may consider attaching this Order to the grievance as notification to the grievance administrators that Plaintiffs have been instructed to exhaust this issue prior to seeking relief in this Court.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby dismissed **without prejudice**.

2. The Clerk of the Court shall provide each Plaintiff with a civil rights complaint form and an Affidavit of Indigency form.[1]

---

[1] In refiling, each Plaintiff (after proper exhaustion) must submit a fully completed civil rights complaint form and must submit a copy of the form for each Defendant for service of process. Each Plaintiff must attach to the form any grievances he filed regarding his claim and the responses thereto. Additionally, he must *either* pay the $250.00 filing fee *or* file an Affidavit of Indigency. In compliance with Section VII. of the Affidavit of Indigency form, each Plaintiff must submit a copy of his prison account statement containing all transactions in his prisoner account for the six (6) months prior to the filing of the Complaint. See Affidavit of Indigency, Section VII. Plaintiffs should not place this case number on the forms. The Clerk will assign a separate case number for each Plaintiff's case if he elects to initiate a new case.

3. The Clerk of the Court shall enter judgment dismissing this action without prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this ___5___ day of December, 2005.

_____
UNITED STATES DISTRICT JUDGE

sc 12/5
c:
Antonio Johnson
Tindall J. Williams
Mark Givens
George Holmes